## MILLSTEIN v. LELAND HAYWARD, Inc., et al.

United States District Court
S. D. New York.
April.25, 1950.

Alfred H. Wasserstrom, New York City, for plaintiff.

Edward E. Colton, Sidney R. Fleisher, New York City, for defendants.

RIFKIND, District Judge.

Defendant moves for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. The action is in two counts of which the first is for infringement of plaintiff's copyright in the unpublished play entitled "A Lady Goes to Congress" by the defendants' publication and presentation of a play entitled "State of the Union".

Ever since Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, district courts have treated motions for summary judgment in plagiarism suits with caution. But unless Rule 56 is to be completely nullified in this type of action, it requires that judgment be granted to the defendants in this case. If Rule 56 is impotent to protect the defendants in this case against the expense of trial, it might as well be excised from the federal rules.

Copying is, of course, the essence of plagiarism. Direct proof of copying is often impossible to procure. Hence access to the original plus similarity between the original and the accused works frequently do duty for proof of copying; and sometimes similarity alone does duty for both.

In this case I shall assume that defendants had access to plaintiff's play. It has always been my understanding that, unlike the rule which prevails in another branch of the law, opportunity plus inclination are insufficient to establish the offense of plagiarism unless there be similarity between the accused offspring and the paternal original.

I have carefully read the 14 page play written by plaintiff and the accused play of the defendants, in book form, consisting of 226 pages, which the plaintiff has testified is not substantially different from the play as produced. The short of it is that there is no similarity between "A Lady Goes to Congress" and "State of the Union".

When I make this generalization I realize, of course, that it is meant to be true only in the context of a plagiarism suit. Manifestly, there are, in fact, some similarities. Both plays are written in the English language. Both plays relate to men and women. Both are connected with politics. Both introduce the highly original theme of a man wavering in his affections for his wife. In both there is a second woman who completes the traditional triangle. In both plays, according to the plaintiff, occur the momentous words, "the next President of the United States".

Plaintiff's play is based upon the trite theme of the woman who loses her husband to the demands of her career. In this case she is a Representative in Congress from Massachusetts instead of the traditional opera star, concert singer or ballet artist. The husband runs off with his wife's secretary, while the wife continues in her devotion to her political career. The play is enacted in war-time Washington of 1943 and subjects then much in public view are discussed, such as isolationism, the America-First movement, the presence of pressure groups in Washington. The characters of the play are not fully delineated; they are barely indicated. Cf. Nichols v. Universal Pictures Corporation, 2 Cir., 1930, 45 F.2d 119, 122.

"State of the Union" is concerned with the theme of the successful business man, unfettered by orthodox political shibboleths, who is being promoted for the Republican nomination for the presidency by a woman publisher of a chain of newspapers. This publisher represents "practical politics". She is in love with the prospective candidate. The candidate's wife represents integrity and idealism. In the end she regains his love and restores him to the path of political integrity. This play is enacted against the scene of post-war Washington and is directly concerned with the prospective nomination for president in

1948. It is also concerned with the political themes then prevalent in Washington, such as reconversion, management and labor problems, world unity and national unity.

Neither in plot, theme, characterization or language does the one bear resemblance to the other. Under the circumstances, I see no issue of fact to be tried either to the court or to a jury. I have not the "slightest doubt" that the plaintiff's claim is the product of nothing but hope that, to avoid the expense and irritation of litigation, the owner of a successful play would buy his peace.

Summary judgment was designed specifically to put a quietus on that kind of a claim. The first count is dismissed.

With the dismissal of the first count the second count likewise must fail, since absent infringement there are no damages resulting from the fraud and breach of fiduciary duty alleged in the second cause of action. Moreover, if no copying occurred, there was neither fraud nor breach of fiduciary duty.

Summary judgment is granted the defendants on both causes of action.